IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**WILFREDO VAZQUEZ-SAEZ,**
**Plaintiff,**

v.                                              CIVIL NO. 04-1914(DRD)

**UNITED STATES OF AMERICA,**
**Defendant**

**OPINION AND ORDER**

    Pending before the Court is the Government's *Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss* (Docket No. 26). The United States of America moves the court to dismiss the claims filed by co-plaintiff Ana Rodriguez, and the claims filed by the conjugal partnership comprised with her husband co-plaintiff Wilfredo Vazquez for their failure to exhaust administrative before the agency as required by the Federal Tort Claims Act (FTCA), 28 U.S.C. §2675(a). For the reasons stated herein, the Government's request for dismissal is hereby **GRANTED**.

    The facts to the instant case are quite simple. On February 27, 2001, Mr. Wilfredo Vazquez-Saez was involved in a car accident wherein his vehicle was impacted by a U.S. Government vehicle driven by Ms. Margaret Byars Martin, a civilian engineer on duty with the US Army Corps of Engineer. On November 11, 2002, a claim for damage injury or death, Form-95, on behalf Mr. Wilfredo Vazquez-Saez claiming the amount of $250,000 for the personal injury was filed with the appropriate agency (no claim was made on behalf of the wife Ana Rodriguez nor for the conjugal partnership) . On December 10, 2002, the Department of the Army, Foreign Torts Branch issued a letter acknowledging receipt by the Claims Office. Over two years later, on April 12, 2004, the Department of the Army mailed another letter stating that said letter constituted the final administrative action on plaintiff's claim, the claim was denied and plaintiff was instructed to file the appropriate civil action.

    Basically, Rule 12(b)(2) authorizes a motion to dismiss asserting that the court lacks jurisdiction over the defendant's person questioning the court's right to exercise judicial power over the defendant as a result of sufficient contact with the forum. This motion as it raises jurisdictional issues must be addressed by the court prior to considering any motions as to the merits of the case. <u>Bruce v. Fairchild Ind., Inc.</u>, 413 F.Supp 914 (D.C.Okl. 1975). The defense asserted by a Rule 12(b)(2) motion shall be made before responsive pleadings are served, although it may also be interposed in the responsive pleading itself. 5A Wright & Miller, § 1351 at 245-46.

    Once a motion under Rule 12(b)(2) has been filed by the defendant, plaintiff bears the burden to establish the court's jurisdiction. 5A Wright & Miller, § 1351 at 248. The standard of proof may vary depending on the court's procedure in making its determination. It may happen that plaintiff may need to make only a *prima facie* showing of jurisdiction, if the court decides to rely on

pleadings and affidavits or if the court holds an evidentiary hearing, the court's jurisdiction may need to be proved by preponderance of the evidence. CutCo Indus., Inc. v. Naughton, 806 F.2d 361 (2nd Cir. 1986). For purposes of such review, the allegations of the nonmoving party shall be taken as true and resolve all factual disputes in its favor. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A. 290 F.3d 42 (1st Cir. 2002), *cert.* denied 123 S.Ct. 558. (2002).

In administrative-law parlance, a claimant who has failed to receive a final decision from the pertinent administrative agency, may not obtain judicial review should plaintiff have failed to exhaust administrative remedies. Sims v. Apfel, 530 U.S. 103, 106-107 (2000); *see also* Weinberger v. Salfi, 422 U.S. 749, 765-766 (1975). In order to obtain a final decision from the Secretary a claimant is required to exhaust his administrative remedies by proceeding through all stages of the administrative process. Bowen v. City of New York, 476 U.S. 467, 482 (1986). Only a claimant who proceeds through all stages receives a final decision from the Secretary. Id.

Under Puerto Rico law, the conjugal partnership is a separate entity from its individual members and has a distinct entity. Lensel-Lopez v. Cordero, 659 F.Supp. 889, 891 (D.P.R. 1987); Reyes Cordero v. Cantera Ramos, Inc., 139 D.P.R. 925, 928 (1996); Maldonado Rodriguez v. Banco Central Corp., 138 D.P.R. 268, 273n.6 (1995)(standing for the proposition that under Puerto Rico Law, the conjugal partnership is a legal entity separate from its individual members). Further, the law in this district is clear, each claimant, including the conjugal partnership, under the FTCA must exhaust administrative remedies. Matos v. U.S., 380 F.Supp.2d 36, 40 (D.P.R. 2005)(conjugal partnership claims dismissed for failure to exhaust administrative remedies).

In the instant case, co-plaintiffs Ana Rodriguez and the Conjugal Partnership have failed to put their best foot forward evidencing that they in fact exhausted the necessary administrative remedies before the agency prior to proceed with a judicial claim as required by the FTCA, 28 U.S.C. §2675(a).[1] The allegations of the complaint filed by plaintiff merely show that the Form-95 was filed by plaintiff and casually stated that he was married. The complaint fails to allege that a Form-95 was filed on behalf of Ana Rodriguez and the corresponding conjugal partnership. (Docket No. 1, P.6). Further, the only Form-95 on record shows Mr. Wilfredo Vazquez-Saez as the sole claimant. (Docket No. 23). Finally, plaintiff has failed to oppose the Government's motion to dismiss hence any opposition and/or objection to the dismissal request is deemed waived pursuant to Local Civil Rule 7.1(b).

It is widely known that the filing of the administrative claim is a **non-waivable jurisdictional requirement** which if not presented before commencing suit, the suit must be

---

[1] 28 U.S.C. §2675(a): "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency** and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. ... " (Emphasis added).

dismissed. See McNeil v. United States, 508 U.S. 106, 112 n.7 (1993). Plaintiff's failure deprives the Court jurisdiction over tort claims against the United States. Richman v. United States. 709 F.2d 122, 124 (1st Cir. 1983).

Hence, in light that co-plaintiffs Ana Rodriguez and the Conjugal Partnership comprised with Mr. Wilfredo Vazquez-Saez have failed to exhaust the required administrative procedures under the FTCA, the Government's *Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss* (Docket No. 26) is hereby **GRANTED**. Therefore, co-plaintiffs Ana Rodriguez and the Conjugal Partnership comprised with Mr. Wilfredo Vazquez-Saez's claims are hereby **DISMISSED** against the United States of America **WITH PREJUDICE**.[2]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 11th day of January 2006.

> **S/DANIEL R. DOMINGUEZ**
> **DANIEL R. DOMINGUEZ**
> **U.S. DISTRICT JUDGE**

---

[2] The Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); Zayas-Green v. Casaine, 906 F.2d 18, 21 (1st Cir. 1990) ("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.'" Id. (quoting In re Continental Investment Corp., 637 F.2d 1, 3 (1st Cir. 1980)); Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority, 888 F.2d 180, 183 (1st Cir. 1989); Consolidated Rail Corp v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir. 1988); Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 43 (1st Cir. 1988); Santa Maria v. Owens-Ill., Inc., 808 F.2d 848, 854 (1st Cir. 1986)); see also United States v. Nixon, 418 U.S. 683, 690 (1974).